**SO ORDERED.**

**SIGNED this 28th day of October, 2015.**



BENJAMIN A. KAHN
UNITED STATES BANKRUPTCY JUDGE

---

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Sandra Smith Cowart, | ) | Case No. 15-10251 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| Sandra Smith Cowart, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 15-2028 |
| | ) | |
| Countrywide Bank, N.A., America's | ) | |
| Wholesale Lenders, Bank of America | ) | |
| N.A., Mortgage Electronic | ) | |
| Registration Systems, Inc., | ) | |
| Lauren Byers Loftis, and McGuire | ) | |
| Woods LLP | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION TAKING JUDICIAL NOTICE, GRANTING
MOTION TO DISMISS, AND OVERRULING OBJECTION TO CLAIM

The captioned adversary proceeding and the captioned bankruptcy case came before the

Court on Defendant's Motion to Dismiss the Adversary Proceeding [AP No. 15-2028 (the "AP")

Doc. # 6] (the "Motion to Dismiss") filed on August 19, 2015, the Debtor's Objection to Claim No. 2 of Bank of America (Bankr. Case No. 15-10251 (the "Bankruptcy Case") [Doc. # 48] (the "Objection to Claim"), and Bank of America's Response to the Objection to Claim [Bankruptcy Case Doc. # 56].  On October 2, 2015, the Court entered its Order Administratively Consolidating Objection to Claim and Adversary Hearing [Bankruptcy Case Doc. # 64], administratively consolidating the Objection to Claim with this adversary proceeding because the bases for the Plaintiff's Objection to Claim are entirely encompassed within the issues raised in the adversary proceeding.

Defendants move this Court to dismiss the adversary proceeding, filed July 17, 2015 by Sandra Smith Cowart (the "Plaintiff") against Countrywide Bank, N.A., America's Wholesale Lenders ("AWL"), Bank of America N.A. ("BANA"), Mortgage Electronic Registration Systems, Inc. ("MERS"), Lauren Byers Loftis, and McGuire Woods LLP (collectively, the "Defendants"), pursuant to Bankruptcy Rule 7041 and Rules 9(b), 12(b)(1), and 12(b)(6) of the Federal Rules of Civil Procedure.  For the reasons stated below, the Court will grant the Request for Judicial Notice, as defined below, grant Defendants' Motion to Dismiss, and overrule the Objection to Claim.

## Background and Procedural History[1]

On November 29, 2005, Plaintiff executed a promissory note in the original principal amount of $1,912,500.00 (the "Loan") and payable to Defendant Countrywide Bank, N.A. ("Countrywide") "for 301 Fisher Park Circle, Greensboro, NC 27401." (the "Property") Compl. ¶ 20.  This loan was evidenced by a promissory note executed that same day.  Id.  The loan was

---

[1] The underlying facts as set forth herein were undisputed at the hearing for purposes of the Court's subject matter jurisdiction in connection with the Defendants' Motion to Dismiss under Rule 12(b)(1) Fed.R.Civ.Pro., or, for purposes of both the Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) and Rule 12(b)(1) Fed.R.Civ.Pro., are facts taken from the Complaint, or are matters of which the Court may take judicial notice.

secured by the Property as evidenced by a deed of trust executed the same day (the "Deed of Trust"). Id. ¶ 21. The Deed of Trust identified Countrywide as the lender, MERS as the beneficiary and nominee for the lender and lender's successors and assigns, and Trustee Services of Carolina, LLC ("TSC") (BANA, Countrywide, MERS, and AWL, collectively shall be referred to herein as the "BANA Defendants") as the trustee. See Deed of Trust, pp. 1-2.[2]

On July 28, 2011, MERS assigned the Deed of Trust to BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans Servicing, LP (the "Assignment"). Compl. ¶ 23; see also Defendants' Motion to Dismiss, Ex. 3. On December 14, 2012, MERS filed a Corrective Assignment to correct the assignee to Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans Servicing, LP (the "Corrective Assignment"). Compl. ¶ 45; see also Defendants' Motion to Dismiss, Ex. 4.

The Plaintiff defaulted on the Note, and the foreclosure process began in July, 2013 in Guilford County Superior Court. The foreclosure hearing originally was set for October 10, 2013, but did not occur at that time because the Plaintiff filed for bankruptcy the day before the hearing. See In re Cowart, Bankr. Case No. 13-11345 (M.D.N.C.) [Doc. # 1]. This previous bankruptcy filing by the Plaintiff was dismissed by this Court on December 2, 2013. See Id., [Doc. #24]. The Plaintiff then brought a number of other cases in both state and federal court seeking to challenge Bank of America's claim and prevent foreclosure.

The Assistant Clerk of the General Court of Justice, Superior Court Division, Guilford County, North Carolina (the "State Court") permitted foreclosure to proceed, and the Plaintiff

---

[2] Although the Complaint specifically refers to the Deed of Trust, the Plaintiff did not attach a copy of the Deed of Trust to her pleading. A copy of the Deed of Trust is attached as Exhibit 2 to the Motion to Dismiss, and the Court may consider the document in connection with the Motion to Dismiss. See Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009); Cason v. Holder, 815 F.Supp.2d 918, 922 n.8 (D.Md. 2011) (citing Thurman v. Robinson, No. 94-6998, 1995 WL 133350, at *2 (4th Cir. Mar. 28, 1995); and United States Fidelity & Guar. Co. v. Lawrenson, 334 F.2d 464, 467 (4th Cir. 1964)).

appealed this decision to the Superior Court.  See Certified Order Allowing Foreclosure [Doc. #20], p. 1 (the "State Court Foreclosure Order").[3]  In the State Court Foreclosure Order, the State Court expressly found that BANA was the holder of the Note, that the balance due on the Note constitutes a valid debt to BANA, that Plaintiff was in default under the Note and Deed of Trust, and that BANA had the right to foreclose on the property.  Id. at p. 2, ¶¶ 1-6.

Two days prior to the scheduled foreclosure sale, the Plaintiff filed the current bankruptcy case.  On July 17, 2015, the Plaintiff commenced this adversary proceeding.

## Standard of Review

Defendants request that the Court dismiss the Complaint due both to lack of subject matter jurisdiction under Rule 12(b)(1) Fed.R.Civ.Pro., and for failure to state a claim upon which relief may be granted under Rule 12(b)(6) Fed.R.Civ. Pro.  Subject matter jurisdiction is a threshold question that relates to the power of the court to hear a case and must be resolved before a court addresses the merits of a case.  See Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 479–80 (4th Cir. 2005).  The court's subject matter jurisdiction is limited in that the court "possess[es] only the jurisdiction authorized . . . by the United States Constitution and by federal statute."  United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347

---

[3] On October 1, 2015, the Court entered its Order permitting the Defendants to file a request for the Court to take judicial notice of any document in connection with the Motion to Dismiss, and granting the Plaintiff an opportunity to object to any such request [AP Doc. # 18] (the "Judicial Notice Order").  On October 2, 2015, Defendants filed a certified copy of the State Court Foreclosure Order, delivered the original certified copy to the Clerk of the Bankruptcy Court as provided in the Judicial Notice Order, and filed a request for the Court to take Judicial Notice of the State Court Foreclosure Order [AP Doc. # 21] (the "Request for Judicial Notice").  On October 8, 2015, Plaintiff filed an Objection to the Motion for Judicial Notice [Doc. #26].  In her objection, the Plaintiff does not contest the authenticity of the State Court Foreclosure Order.  Instead, Plaintiff objects to the Court taking judicial notice because she believes the underlying judgment to be based on fraudulent actions and asserts other alleged infirmities with the order and/or the underlying loan transaction.  Plaintiff has provided no evidence to dispute the validity or authenticity of the certified public record and only attacks the judgment itself.  Therefore, the Plaintiff has not overcome the presumption of authenticity accorded to certified public records under Federal Rule of Evidence 902(4), and the objection is overruled.  The Court will take judicial notice of the State Court Foreclosure Order for the purposes and to the extent set forth herein.  In addition, pursuant to the Judicial Notice Order, the State Court Foreclosure Order is admitted as evidence in connection with the Defendants' Motion to Dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) Fed.R.Civ.Pro.

(4th Cir. 2009). When subject matter jurisdiction is at issue, the court can make appropriate inquiry outside of the pleadings to ensure that it has the authority to entertain the case. Id. at 348. The burden of proving subject matter jurisdiction rests with the plaintiff, the party asserting that jurisdiction exists. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). If the plaintiff fails to prove subject matter jurisdiction, the court must dismiss the action. Vuyyuru, 555 F.3d at 347.

Under Rule 12(b)(6),"[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 54, 570 (2007)). Although a plaintiff need only plead a short and plain statement of the claim establishing that he or she is entitled to relief, Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992), "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. A complaint must contain "sufficient allegations supporting the reasonable inference that the defendant is liable for the misconduct alleged." Harris v. SunTrust Mortg., Inc., No. 12–cv–378, 2013 WL 1120846, at *2 (M.D.N.C. Mar. 18, 2013) (citing Twombly, 550 U.S. at 555). Although courts liberally construe *pro se* complaints, courts do not assume the role of advocate and develop claims that are not clearly raised in the pro se complaint. Adler v. Anchor Funding Servs., LLC, No. 3:10cv515, 2011 WL 1843226, at *2 (W.D.N.C. May 16, 2011) (citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978)). "Like a plaintiff represented by counsel, it is the *pro se* plaintiff's obligation to provide sufficient facts to show that he or she is entitled to relief." Bagwell v. Dimon, No. 1:14-CV-495, 2015 WL 2374614, at *3 (M.D.N.C. May 18, 2015).

## Discussion

The Complaint sets forth a single claim for relief, requesting various declaratory relief as to the invalidity of the Note, the Deed of Trust, and any assignments to BANA. Nevertheless,

liberally construing the Complaint as set forth above, it is possible to construe the Complaint as attempting to assert three claims for relief: [4] (1) declaratory relief to determine the validity of the underlying debt and the lien and deed of trust securing the debt; (2) fraud; and (3) libel.[5]

**Rooker-Feldman**

A federal court "must determine that it has subject-matter jurisdiction over the case before it can pass on the merits of that case." Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 479-80 (4th Cir. 2005). Since Defendants allege that this Court lacks subject-matter jurisdiction under the Rooker-Feldman doctrine, the Court will address that argument first.

The Rooker–Feldman doctrine prohibits the federal district courts from asserting subject matter jurisdiction for the purpose of reviewing state court decisions. Harris v. SunTrust Mortgage, Inc., No. 12-CV-378, 2013 WL 1120846, at *2 (M.D.N.C. Mar. 18, 2013) (citing Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284–85 (2005)). "The Rooker–Feldman doctrine is confined to cases of the kind from which it acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the

---

[4] Although mentioning the act in passing, the Complaint does not assert a claim for rescission under the Truth in Lending Act (TILA), 15 U.S.C. § 1635(f). Even if the Court possibly could construe Plaintiff's Complaint to assert a claim for rescission under TILA, the claim would be dismissed. A claim for rescission under TILA is subject to a three-year statute of limitations which runs from the time the loan closes or upon the sale of the secured property, whichever is earlier. See 15 U.S.C. § 1635(f); Beach v. Ocwen Fed. Bank, 523 U.S. 410, 411 (1998). A claim for affirmative damages under TILA is subject to only a one-year statute of limitations running from the earlier of when the loan closes or sale of the secured property. See 15 U.S.C. § 1640(e). The party moving for rescission is not required to bring suit within these three years, but must have given the lender written notice of their intention to rescind within that time. See Jesinoski v. Countrywide Home Loans, Inc., 135 S. Ct. 790, 793, 190 L. Ed. 2d 650 (2015). The loan closed in this case in November, 2005. Therefore, the statute of limitations would have run on Plaintiff's claim three years later in November, 2008. The only reference Plaintiff makes in her Complaint to TILA is that a document containing a "TILA Request", dated March 12, 2012, was given to Countrywide and MERS. Compl., p. 10, ¶ 27. Even if this were a request for rescission, which is not clear from the Complaint, this would be well past the limitations period. Any TILA claim therefore is time-barred.

[5] The Objection to Claim and the declaratory relief sought by the Plaintiff each are core matters with respect to which this Court has Constitutional authority to enter final rulings. With respect to any matters that are Constitutionally non-core, the Plaintiff has consented in her complaint to the Court entering final orders in this action. (Complaint ¶¶ 1-4). At the hearing, counsel for Defendant consented on the record to the Court entering final orders on all matters raised in the pleadings.

federal district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 281 (2005). "The Rooker–Feldman bar extends not only to issues actually presented to and decided by a state court, but also to issues that are 'inextricably intertwined' with questions ruled on by a state court." Brumby v. Deutsche Bank Nat. Trust Co., No. 1:09CV144, 2010 WL 617368, at *2 (M.D.N.C. 2010) report and recommendation adopted sub nom. Brumby, Jr. v. Deutsche Bank Nat. Trust Co., No. 1:09CV144, 2010 WL 3219353 (M.D.N.C. 2010) (quoting Plyler v. Moore, 129 F.3d 728, 733 (4th Cir. 1997)).  An issue is "inextricably intertwined" with a state court decision where, "in order to grant the federal plaintiff the relief sought, the federal court must determine that the [state] court judgment was erroneously entered or must take action that would render the judgment ineffectual." Jordahl v. Democratic Party of Va., 122 F.3d 192, 202 (4th Cir. 1997).

The Fourth Circuit recently held in Smalley v. Shapiro & Burson, LLP, 526 F. App'x 231, 236 (4th Cir. 2013), that this "inextricably intertwined" language applies in the foreclosure context and is a bar to claims that would result in a determination that the state court foreclosure action was wrongly decided.  Furthermore, courts in the Middle District of North Carolina have consistently held that Rooker-Feldman bars the lower federal courts from considering the validity of a previously decided, state court foreclosure proceeding.  See Harris v. SunTrust Mortgage, Inc., No. 12-CV-378, 2013 WL 1120846 (M.D.N.C. Mar. 18, 2013); Brumby v. Deutsche Bank Nat. Trust Co., No. 1:09CV144, 2010 WL 617368, at *2 (M.D.N.C. Feb. 17, 2010), report and recommendation adopted sub nom. Brumby, Jr. v. Deutsche Bank Nat. Trust Co., No. 1:09CV144, 2010 WL 3219353 (M.D.N.C. Aug. 13, 2010).

In this case, the State Court determined that BANA held a valid debt, that Plaintiff had defaulted on such debt, and that BANA had the right to foreclose and sell the subject property. See State Court Foreclosure Order, p. 2, ¶¶ 1-6.. Under Rooker-Feldman this Court lacks the subject-matter jurisdiction to consider any claims based upon the invalidity of the debt or the assignment to BANA, the legality of the foreclosure proceeding, and the validity and extent of the lien on the property. Therefore, validity of the debt has been established, and the Plaintiff's Objection to Claim is overruled.

Under Smalley, this Court not only lacks the subject matter jurisdiction to re-determine the specific claims actually presented in the foreclosure action, but also may not reconsider issues "inextricably intertwined" with the matters decided by the State Court. See Smalley, 526 F. App'x. at 236–37 (holding that the district court lacked subject matter jurisdiction under Rooker–Feldman to consider plaintiff's claims under the FDCPA and other statutes because the success of those claims rested on a determination that the state court decision was wrongly decided). As explained by the Fourth Circuit:

> Although Appellants do not seek to "undo" the state court judgment foreclosing on their homes, permitting their case to go forward would, in essence, hold that the state court judgments which . . . held the allegedly false affidavits sufficient to warrant foreclosure was in error. This is not proper under Rooker-Feldman because their . . . causes of action are "inextricably intertwined" with the state foreclosure actions. This prong of the doctrine "bars a claim that was not actually decided by the state court but where 'success on the federal claim depends upon a determination that the state court wrongly decided the issues before it.'"

Id. at 236 (quoting Brown & Root, Inc. v. Breckenridge, 211 F.3d 194, 198 (4th Cir. 2000) (quoting, in turn, Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997)). In the foreclosure context, the doctrine prohibits not only consideration of claims asserted against the lender, but also any claims against the lender's counsel if the claims against counsel (including claims for fraud and misrepresentation) "would require the Court to effectively invalidate the Clerk's decision in the

state foreclosure proceeding . . . ." Baxter v. Brock & Scott, PLLC, No. 3:14-CV-165-FDW, 2014 WL 2861800, *3 (W.D.N.C. June 24, 2014) (dismissing claims by pro se plaintiff against lender and lender's lawyers where the pro se plaintiff's claims necessarily challenged the validity of the debt underlying the foreclosure).

Plaintiff's Complaint under the section "Claims for Relief" only lists one all-encompassing claim: "declaratory relief to determine an interest in property". Compl. ¶¶ 52-58. Even if the Court liberally construes the Complaint to assert a claim for fraud and libel, these additional claims similarly are barred under this circuit's interpretation of the Rooker-Feldman doctrine because Plaintiff's allegations necessarily rest on a determination that the findings in the State Court Foreclosure Order were incorrectly decided. See Compl., p. 27, ¶¶ 9-12. The Rooker-Feldman doctrine rests on the principle that the lower federal courts may not act as courts of appeal for state court judgments, and since that is essentially what Plaintiff asks this Court to do, the claims for declaratory relief to determine the validity of the underlying debt and any claims for fraud or libel will be dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction.

**Plaintiff's claims against BANA would be *res judicata***

Even if the Plaintiff's claims were not barred by precedent in this circuit and district applying the Rooker-Feldman doctrine, Plaintiff's claims, including fraud and libel, would be precluded by the doctrine of *res judicata*, or claim preclusion. Under 28 U.S.C. § 1738 (the "Full Faith and Credit Statute") federal courts must give the same preclusive effect to a state court judgment as another court of that state would give. Under North Carolina law "a final judgment on the merits prevents relitigation of issues actually litigated and necessary to the outcome of the prior action in a later suit involving a different cause of action between the parties or their privies." Thomas M. McInnis & Assocs., Inc. v. Hall, 318 N.C. 421, 428, 349

S.E.2d 552, 557 (1986).  Therefore, parties are barred "from retrying fully litigated issues that were decided in any prior determination, even where the claims asserted are not the same." McCallum v. N.C. Coop. Extension Serv., 142 N.C.App. 48, 51, 542 S.E.2d 227, 231 (2001).  A party may not avoid the application of claim preclusion merely by "shifting legal theories or asserting a new or different ground for relief."  Nw. Fin. Group v. County of Gaston, 110 N.C.App. 531, 538, 430 S.E.2d 689, 694 (1993).  The doctrine of claim preclusion bars re-litigation of "every point which properly belonged to the subject in litigation and which the parties, [e]xercising reasonable diligence, might have brought forward . . . ."  Painter v. Ballenger, 288 N.C. 165, 172, 217 S .E.2d 650, 655 (1975) (quotation omitted).

In a North Carolina foreclosure hearing, the State Court determines four issues: (1) the existence of a valid debt; (2) the existence of a default; (3) the trustee's right to foreclose; and (4) the sufficiency of notice to the record owners.  N.C. Gen. Stat. § 45-21.16(d); Phil Mech. Constr. Co., Inc. v. Haywood, 72 N.C. App. 318, 325 S.E.2d 1, 3 (N.C. Ct. App. 1985).  Issues that the clerk of court decides at a foreclosure hearing "as to the validity of the debt and the trustee's right to foreclose are *res judicata* and cannot be relitigated…."  Id.  A party may appeal decisions of the clerk of court to the superior court, and the superior court will review the clerk's findings *de novo*.  N.C. Gen. Stat. § 45–21.16(d1); Phil Mech., 325 S.E.2d at 3.  In conducting its review, the superior court may consider evidence of legal defenses tending to negate any of the four findings required under N.C. Gen.Stat. § 45–21.16. See In re Foreclosure of Deed of Trust, 334 N.C. 369, 432 S.E.2d 855, 859 (N.C.1993).

The issues being raised by the Plaintiff in this case previously were decided by the State Court.  The State Court found that BANA is the holder of the Note, that the Plaintiff had defaulted under the Note and Deed of Trust, and that BANA has a right to foreclose under power

of sale.  This Court is precluded from hearing any claims that necessarily depend upon findings contrary to those reached by the State Court in the foreclosure action.  The Plaintiff's putative claims wholly rely upon the invalidity of the underlying note, loan, deed of trust, and assignments.  See Complaint ¶¶ 44-51.  These are issues which were either actually decided by the State Court or should have been brought by the Plaintiff in that venue.  The Plaintiff has exhausted her appeals process in the state courts and that process cannot continue in this Court.

**Plaintiff's claims against all defendants also would be precluded by collateral estoppel**

Plaintiff's claims relying upon the invalidity of the debt and foreclosure process, as well as her claims for fraud and libel, similarly are precluded under the doctrine of collateral estoppel. For collateral estoppel to apply in North Carolina, the parties "must show that the issue in question was identical to an issue actually litigated and necessary to the judgment, that the prior action resulted in a final judgment on the merits, and that the present parties are the same as, or in privity with, the parties to the earlier action."  Sartin v. Macik, 535 F.3d 284, 288 (4th Cir. 2008) (citing Thomas M. McInnis & Assocs., Inc. v. Hall, 318 N.C. 421, 349 S.E.2d 552, 557 (1986)).  "North Carolina courts have abandoned the final requirement of 'mutuality of estoppel' for the defensive use of collateral estoppel, so long as the party seeking to reopen the issue 'had a full and fair opportunity to litigate' the matter in the previous action."  Id. (quoting Hall).  Since the dismissal of Plaintiff's claims in this case would apply collateral estoppel defensively, mutuality or privity is not required.

As stated above in the discussion on claim preclusion, the claims relying upon the invalidity of the debt, the lien, and the assignments (including fraud and libel) are issues which were actually litigated and decided in the prior action and would be given preclusive effect under North Carolina law.  The State Court found that there was a valid debt, a valid lien, valid

assignments, and a default, and entered an order allowing the foreclosure process to continue. The Plaintiff had a "full and fair opportunity" to litigate these issues at that time. Plaintiff's claims would be precluded against BANA, and Plaintiff cannot re-litigate these issues by merely switching adversaries. See Hall, 318 N.C. at 433, 349 S.E.2d at 559.

### Libel

Even if the Plaintiff's claim for libel survived the Rooker-Feldman and preclusion doctrines in this case, any claim she might assert for libel would be dismissed under Rule 12(b)(6) for failure to state a claim. Under North Carolina state law regarding defamation, which includes the torts of libel and slander, the plaintiff must "allege and prove that the defendant made false, defamatory statements of or concerning the plaintiff, which were published to a third person, causing injury to the plaintiff's reputation." Smith–Price v. Charter Behavioral Health Sys., 164 N.C. App. 349, 356, 595 S.E.2d 778, 783 (2004); see also Boyce & Isley, PLLC v. Cooper, 153 N.C. App. 25, 568 S.E.2d 893, 897 (2002). Plaintiff states that "the conduct of the Defendants constitutes libel that tends to defame, disparage, and injure Plaintiff in her business and reputation and has also caused pain and suffering." Compl., p. 28, ¶ 12. This is the only reference to libel, outside the caption, that Plaintiff makes in her Complaint. This assertion by Plaintiff is a legal conclusion, which need not be accepted as true by the Court, and Plaintiff has provided no other facts to support her claim for libel. Merely reciting the elements of a potential cause of action is not sufficient to withstand a motion to dismiss. Iqbal, 556 U.S. at 678. Furthermore, with respect to Defendants McGuire Woods and Lauren Byers Loftis, any statements made in connection with their representation of BANA are covered by the litigation privilege and will not support a claim for libel. Mummies of the World Touring Co., LLC v. Design & Prod., Inc., No. 5:12-CV-754-BO, 2013 WL 3490535, at *4 (E.D.N.C. July 11, 2013) (citing Harris v. NCNB Nat. Bank of N.C., 85 N.C.App. 669, 672–73 (1987)) ("It is well-

established by North Carolina courts that statements made in connection with a judicial proceeding are privileged and will not support a civil case for defamation . . . ."). Thus, even if not barred by Rooker-Feldman or precluded, Plaintiff has failed to state a claim upon which relief can be granted and this claim for libel would be dismissed under Rule 12(b)(6).

**Unknown Defendants 1 – 100**

"Fictitious-party pleading is generally not permitted in federal court, and the court may dismiss fictitious-party claims *sua sponte* except when the plaintiff provides a specific description of the defendant such that process can be served." Harris v. SunTrust Mortgage, Inc., No. 12-CV-378, 2013 WL 1120846, at *8 (M.D.N.C. Mar. 18, 2013) (citing Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010)). Here, the court is unable to sufficiently identify Unknown Defendants 1–100 (nor has Plaintiff aided the court in this regard), and Plaintiff's claims against such unknown parties are dismissed.

## Conclusion

For the reasons stated above, the Court will enter its Order: GRANTING Defendants' Motion to Dismiss and DISMISSING this adversary proceeding. Plaintiff's Objection to Claim will be OVERRULED.

[END OF DOCUMENT]